Filed 3/13/26  P. v. Huntington CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102727 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE018151) |
| v. | |
| MICHAEL DARRELL HUNTINGTON, | |
| Defendant and Appellant. | |

Following the denial of his pretrial request for mental health diversion, defendant Michael Darrell Huntington pled no contest to assault with a deadly weapon.  He now appeals, arguing the trial court abused its discretion when it found him unsuitable for diversion.  Because substantial evidence supports the court's determination that Huntington posed an unreasonable risk of danger to public safety, we affirm.

1

## BACKGROUND

In October 2022, Huntington threw a glass mug at a victim's face, causing injury. The People charged him with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and battery resulting in serious bodily injury (§ 243, subd. (d)), and alleged a prior strike conviction.

Huntington moved for pretrial mental health diversion. In its opposition brief, the People detailed Huntington's lengthy criminal history, which included: (1) a 1999 conviction for committing a lewd and lascivious act upon a child under the age of 14 years (§ 288, subd. (a)); and (2) four subsequent convictions for failure to register as a sex offender (§§ 290, former subd. (g)(2); 290.018). The People also pointed out that while Huntington was out on bail in the current case, he committed domestic violence acts that were the subject of a separate case. As to the lewd and lascivious conduct conviction, Huntington told the court he mistakenly believed the child was 21 years old when he committed the offense. Huntington also claimed that his failures to register stemmed from his homelessness.

The trial court found Huntington was not suitable for mental health diversion. The court explained: "The repeated actions of failing to follow his requirements, including registering, for a period of over 15 years, periodically, four times; he's out on bail and he commits another offense[,] convinces this Court he is not suitable and that he would not follow through with any court order of mental health diversion. [¶] And additionally, I am concerned despite the explanation that given his failures to register, he does present an ongoing risk of committing a sexually violent offense of which he's been convicted of once already. [¶] I find that if he is released he presents an unreasonable risk of committing a super strike."

---

[1] Undesignated statutory references are to the Penal Code.

Huntington ultimately pled no contest to assault with a deadly weapon and admitted the prior strike conviction. The trial court sentenced him to six years of imprisonment (the middle term, doubled due to the prior strike).

Huntington timely appealed in December 2024. The trial court granted his request for a certificate of probable cause. Huntington's opening brief was filed in September 2025, and this case was fully briefed on December 11, 2025.

DISCUSSION

Huntington contends the trial court abused its discretion in finding him unsuitable for diversion. We disagree.

Section 1001.36 permits trial courts to grant pretrial diversion if the defendant satisfies the eligibility requirements for diversion and the trial court finds the defendant is suitable for diversion. (§ 1001.36, subd. (a).) A defendant is suitable for diversion if, among other things, the "defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (c)(4).) Under section 1170.18, an unreasonable risk of danger to public safety is an unreasonable risk that the petitioner will commit a "super strike," which includes the offense of committing a lewd and lascivious act involving a child under 14 years of age. (§§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv).) When making this determination, the trial court "may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§ 1001.36, subd. (c)(4).)

We review a trial court's ruling on a petition for pretrial mental health diversion for abuse of discretion. (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147; *People v. Moine* (2021) 62 Cal.App.5th 440, 448-449.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not

3

supported by substantial evidence." (*Moine*, at p. 449.)  Additionally, a "court abuses its discretion when its decision exceeds the bounds of reason or is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Oneal* (2021) 64 Cal.App.5th 581, 588.)

The trial court here acted within its discretion.  Huntington's insistence that "nothing" in the record supports the court's determination is plainly incorrect.  There is substantial evidence that Huntington posed an unreasonable risk of danger to public safety if treated in the community—namely, his conviction for a super strike offense, his repeated failures to register as a sex offender, and his violent conduct while he was out on bail in this case.  Huntington attempts to minimize his conviction for lewd and lascivious conduct with a child under 14 years of age by asserting that he "never intended to engage in any sexual conduct with a minor."  This assertion does not render the trial court's denial "so irrational or arbitrary that no reasonable person could agree with it."

DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
FEINBERG, J.

4